UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

UNITED STATES OF AMERICA,
Plaintiff,
v.
SIMON LAWRENCE TORRES,
Defendant.

Case No. 14-cr-00254-EJD-1 (VKD)

**DETENTION ORDER**

Mr. Simon Lawrence Torres was arrested pursuant to a December 27, 2018 arrest warrant and petition charging that he committed a crime while on supervised release. Dkt. No. 84. Mr. Torres moved for release pending a revocation hearing; the United States asked that he be detained. The Court conducted a hearing on January 24, 2019. Mr. Torres was present at the hearing in custody and represented by counsel. Probation Officer Juan Ramirez was also present at the hearing.

For the reasons stated on the record during the hearing and as set forth below, the Court finds that Mr. Torres has not established by clear and convincing evidence that he will not pose a danger to another person or the community if released.

## I. BACKGROUND

Mr. Torres was convicted of possession of unregistered firearm in violation of 26 U.S.C. § 5861(d), a felony, and sentenced on September 1, 2015. The petition charges that, following his release, on three separate occasions Mr. Torres physically assaulted a woman he had been dating (referred to herein as R.H.). According to the petition, the first assault occurred in mid-October 2018 and the last in late November or early December 2018. On the last occasion, the petition charges that, following an argument, Mr. Torres refused to let R.H. leave, pushed her to the

ground repeatedly, and placed an unloaded gun to her head and pulled the trigger approximately five times.

R.H. reported the assaults to the police on December 21, 2018. The petition states that she did not report the assaults earlier because she feared retaliation from Mr. Torres. She was prompted to report the assaults on December 21, 2018 after learning from a friend the day before that Mr. Torres intended to go R.H.'s workplace.

The petition asserts that Mr. Torres was charged in Santa Clara County with violations of California Penal Code § 417(A)(1) (Exhibit Deadly Weapon) and California Penal Code §273.5(A) (Inflict Injury on Spouse/Cohabitant). According to the petition, the Santa Clara County Superior Court has issued an emergency protective order in favor of R.H., the contents of which are not described in the petition.

The Probation Officer advised the Court that no weapons were found at Mr. Torres residence when he was arrested, but that a manual for a firearm was found.

At the hearing Mr. Torres disputed the accuracy and sufficiency of the violation charged. Specifically, Mr. Torres contends that no charges have been filed against him by Santa Clara County. He argues that the petition is based solely on a police report that records the statements of R.H. regarding assaults that are alleged to have occurred weeks or months before. Mr. Torres represents that he has been reporting as required to probation without any violations. Ultimately, he contends there is no probable cause to believe he has violated the conditions of his release.[1]

**II.   LEGAL STANDARDS**

Mr. Torres bears the burden of establishing by clear and convincing evidence that he will not flee or pose a danger to another person or to the community. *See* Fed. R. Crim. P. 32.1(a)(6); 18 U.S.C. § 3143(a)(1). The Court is required to detain him unless it finds by clear and convincing evidence that he is not likely to flee or pose a danger to others if released. 18 U.S.C. § 3143(a)(1).

---

[1] Mr. Torres has asked for a preliminary hearing under Fed. R. Crim. P. 32.1(b)(1).

2

### III. DISCUSSION

Based on the evidence presented, the Court finds that Mr. Torres has not met his burden of establishing by clear and convincing evidence that he is not likely to pose a danger to others or the community if released. The Court reaches this conclusion based on the evidence proffered by the Probation Officer in the petition, which includes conduct that involves violence, threats of violence, and intimidation. Mr. Torres's challenges to the validity of the reported violations based on their single source (R.H.), the timing of the report (weeks or months after the alleged conduct occurred), and the contention that no charges have actually been filed are not sufficient, without more, to meet his burden.

### IV. CONCLUSION

Accordingly, Mr. Torres is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility pending disposition of the alleged violations of his supervised release. Mr. Torres shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on the request of an attorney for the government, the person in charge of the corrections facility shall deliver Mr. Torres to the United States Marshal for the purpose of appearances in connection with court proceedings.

**IT IS SO ORDERED.**

Dated: January 25, 2019

VIRGINIA K. DEMARCHI
United States Magistrate Judge